HOPKINS *et al.* v. HOPKINS *et al.*

*Estates — when remainder vests.*

A testator devised an estate to M. and D. for life, or while they should remain unmarried, and upon the marriage or death of the two, the fee to several children of testator's named, or the survivors of them. The testator further directed that in case any of the children should die leaving issue, such issue should receive the same share the child would have received if living. *Held*, that upon the death of the testator the children took a vested remainder in fee, and a conveyance by them to M. and D. would vest in M. and D. the entire estate.

SUBMISSION under Code, § 372. The action was brought in the names of Samuel D. Hopkins, and others, against Mary L. Hopkins and Druzilla Hopkins, to determine the ability of plaintiffs to give a valid title to certain real estate.

Susan Hopkins died prior to May, 1873, leaving a last will and testament, whereof Samuel Hopkins and Travis Hopkins were executors named thereon, which was admitted to probate May 8, 1873, and letters testamentary issued.

The will contained the following provisions: " I give, devise and bequeath to my two daughters, Druzilla Hopkins and Mary L. Hopkins, during their natural lives, if they remain unmarried, the use and annual income of all my real and personal estate of every name and nature.

" In case either of my daughters *should marry*, then I will and direct the daughter unmarried shall have the use and annual income of all my real and personal estate of every name and nature during her natural life, or as long as she shall remain unmarried, my design being to provide a comfortable home for my unmarried daughters as long as they live.

" In the event of the *death or marriage of my said* daughters Druzilla and Mary L., I give, devise and bequeath the rest, residue and remainder of my estate to my children, Travis Hopkins, R. Anne Pease, H. Jane Bishop, Aaron H. Potter, John Q. Hopkins, Druzilla Hopkins, Mary L. Hopkins and Samuel D. Hopkins, or to the survivor or survivors of them.

" In case any of my children die having issue, then I will and direct that the child or children of such son or daughter of mine shall receive the same as the parent of such grandchild would have received if living, that is, the portion that would have belonged to the parent if living."

The plaintiffs made a contract with the defendants to sell and convey all their interest in the lands of the testatrix devised by the will, on the 29th of November, 1873, the deed to be delivered on the 19th of December, 1873, at which time the deed, having been properly executed, was tendered to the defendants. They declined to accept the same for the reason that, as they claimed, the grantors could not and did not convey by said deed the lands according to the contract, viz.: a perfect title in fee simple absolute, including the interest that the defendants acquired under the will of said Susan Hopkins.

The case was submitted under the Code.

*J. De Motte Smith,* for plaintiffs.

*F. M. Finch,* for defendants.

MILLER, P. J. The question to be determined under the testatrix's will is, whether the devise to her children, after the termination of the devise to her two daughters, was a vested or a contingent remainder. By the will she devises to the two daughters, Druzilla and Mary, an estate during their lives, provided they remain unmarried, and, upon the termination of this estate, the remainder to the children named in the will, or the survivor or survivors of them. Did the will stop here, there would be no difficulty in construing it, as such children, or the survivor or survivors, would most clearly be entitled to a vested estate. But the clause following, which provides that, if any of the children die leaving issue, that such issue shall receive the same as the parent would have received if living, raises a question which is not entirely free from embarrassment. There are certain legal rules, however, applicable to cases of this character, which must lead to a rational interpretation of the instrument now to be construed. It is provided by statute that estates are vested when there is a person in being who would have an immediate right to . the possession of lands upon the ceasing of the intermediate or precedent estate, and contingent whilst the person to whom, on the event upon which they are limited to take effect, remains uncertain. 1 R. S. 723, § 13. Chancellor KENT says : " An estate is vested when there is an immediate right of present enjoyment, or a present fixed right of future enjoyment." 4 Kent's Com. 202.

I think that the will of the testatrix gave an estate to the children last named in the same which entitled them to the possession of the land upon the determination of the estate of the two daughters who were first entitled to an estate therein, and that it was an existing right to enjoy the same upon the marriage or death of said daughters.

Where real estate was devised to one for life, and after his death to three others, or to the survivor or survivors of them, their or his heirs or assigns forever, it was held that the remainder men take a vested interest at the death of the testator, and that the words of survivorship refer to the death of the testator, and not to the death of the tenant for life, unless from other parts of the will it be manifest that the intent of the testator was otherwise. *Moore* v. *Lyons*, 25 Wend. 119.

The case at bar bears a striking analogy to the one cited, and the language is of the same import, with the exception that the words

"heirs or assigns forever," are not employed. This, I think, does not alter the meaning, and it is equally plain and explicit without the use of these words. The devise, beyond any question, gave to the children of the deceased, who were named and living at the time of the testatrix's death, a remainder in the estate, which then became vested in them. The subsequent provision for the issues of such as might die was, in my opinion, intended to provide for the disposition of the share or shares of such child or children as might not be living at the time of the testatrix's decease. It was, in fact, equivalent to a provision for the heirs or assigns of the deceased child or children. Without this clause I am inclined to think that the portion of such one or more as might die without issue, would go to the survivor or survivors, and thus prevent the issue of the deceased devisee from participating in any way in the final division of the estate. This could never have been intended, and the testatrix sought to, and did, I think, avoid any such result by the provision now considered, thus making an equal distribution among her children and grandchildren, and harmonizing the entire plan and structure of the will. The whole will related to and had in view, such of her lawful descendants who were named as might be living, upon the decease of the testatrix.

If we regard the last clause as an independent provision, I think we must arrive at the same conclusion; for it is after all a devise to the heirs at law of the deceased. The grandchildren, in case of the decease of the children, would inherit according to law, and a devise to the children, and in case of death, to the grandchildren, amounts to, and really is, a devise to the person and his or her lawful heirs.

The intention is a leading element to be considered in the construction of wills, and it is hardly to be assumed that the testatrix designed to make no provision for the grandchildren in case of the death of any child or children before her decease, and only sought to secure the final distribution to such of them as should survive their parents, who died after her decease.

Another rule may be invoked in support of the construction stated, and that is, that the law favors the vesting of estates, and unless the intention is unequivocally expressed to the contrary, it will not be imputed to the testatrix. *McKinstry* v. *Sanders*, 2 N. Y. Sup. 181 and 186, citing *Manice* v. *Manice*, 43 N. Y. 368. It cannot be said, in the case at bar, that any intention whatever is expressed by the

testatrix that the estate devised shall not be vested, and every intendment is, as we have seen, in a contrary direction. As was said by the Chancellor in *Moore* v. *Lyons, supra,* at page 144, " A remainder is not considered as contingent in any case where it may be construed to be vested consistenly with the intention of the testator." It is apparent that it is entirely in accordance with the object, purpose and design of the testatrix in this case, that the remainder devised was not considered as dependent in any way upon contingencies, but vested upon the testatrix's decease.

The result of the discussion had leads to the conclusion that the plaintiffs had a vested remainder in fee to the real estate mentioned in the deed to the extent of their several shares; that they had lawful authority to execute and deliver a deed or conveyance of the same, and that the defendants, the purchasers, would thereby acquire an absolute estate in fee to the interest conveyed.

This, I think, with the estate which the defendants had acquired by virtue of the will, would vest them with an estate in fee simple to the whole premises.

The defendants, therefore, should be required to perform the contract, and a judgment must be ordered, accordingly, with costs.

*Judgment accordingly.*